IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,                                 ORDER

    v.

                                          15-cr-105-wmc-2

GREGORY RICHARDSON,

    Defendant.

---

On March 20, 2020, the defendant Gregory Richardson filed a *pro se* motion requesting credit toward his federal sentence for the time he was detained during the prosecution of his federal case. Specifically, the defendant requests credit for time served from August 28, 2015, to April 16, 2016. The defendant's request for jail credit must be denied for the reasons set forth below.

BACKGROUND

Following his conviction for conspiracy to distribute 100 grams or more of heroin, the defendant was sentenced in the Western District of Wisconsin in April of 2016 to a 120-month term of imprisonment, to be followed by an eight-year term of supervised release. This sentence was well below the advisory guideline imprisonment range of 262 to 327 months. Among other things, in determining this sentence, the court considered that defendant had been detained in primary state custody since July 7, 2015, based on the same conduct that had given rise to the instant offense, and that his state supervision was revoked on August 25, 2015. Moreover, the 120-month term of imprisonment was ordered to run *concurrently* with the remainder of the defendant's state sentence beginning as of April 15, 2016. (Dkt. # 86.)

OPINION

The defendant committed the instant federal offense while serving a term of extended supervision imposed by the Marathon County Circuit Court, Case No. 10CF57. On February 21, 2011, the defendant was also convicted in three of eleven counts charged in that case. The most serious of the counts of conviction was possession with intent to distribute cocaine, as a party to a crime, and as a repeater, a Class C felony. The defendant was sentenced to concurrent four-year terms of imprisonment to be followed by concurrent six-, three-, and two-year terms of extended supervision. He was released from state custody on January 7, 2014, to begin his terms of state supervision. Unfortunately, the defendant was not deterred from continuing to distribute controlled substances, resulting in his federal conviction and classification as a career offender at the age of 26.

At the time of the federal indictment, therefore, the defendant was in state custody serving his revocation sentence in Case No. 10CF57 and appeared by a writ of habeas corpus for prosecution of this federal case. In effect, this meant he had been "borrowed" for federal prosecution while remaining an inmate in the custody of the State of Wisconsin. After pleading guilty to conspiracy to distribute 100 grams or more of heroin, the defendant was sentenced in this court on April 15, 2016. As noted above, the sentence imposed upon defendant was less than half of the low end of the advisory guideline range, which was deemed appropriate considering the nature of his offense, the defendant's role in the offense, his age, his difficult childhood, and his drug dependence and mental health issues. In determining an appropriate sentence, this court expressly considered the approximate 22-month term of imprisonment he was serving in Case No. 10CF57. While this court hopes the defendant will finally recognize that his beliefs and actions have resulted in his repeated incarcerations and that he holds the power to prevent a future return

2

to prison.  Regardless, the defendant has not raised any facts that were unknown, or were not considered, at the time of his sentencing in his federal case.

Accordingly, the defendant's motion for credit for time served in primary state custody after he was obtained on a writ of habeas corpus ad prosequendum is DENIED.

Entered this 31st day of March, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge